UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERRY MARION,

        Petitioner,

v.                      Case No: 2:13-cv-598-FtM-29DNF
                          Case No. 2:06-cr-90-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #1, #2; Cr. Doc. #59)[1] filed on August 16, 2013. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #7) on October 16, 2013. For the reasons set forth below, the Petitioner's motion is dismissed.

### I.

On July 19, 2006, a federal grand jury in Fort Myers, Florida returned a four-count Indictment (Cr. Doc. #4) charging Perry

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Marion, with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and three counts of distribution of cocaine.  On November 9, 2006, Petitioner pled guilty to all counts of the Indictment pursuant to a written Plea Agreement (Cr. Doc. #33).  The court accepted the Petitioner's guilty plea and adjudicated him guilty on November 14, 2006.  (Cr. Doc. #36.)  On February 20, 2007, the Court sentenced Petitioner to a 211 month term of imprisonment, to be followed by four years of supervised release as to count one, and three years of supervised release concurrently on counts two, three, and four. (Cr. Doc. #41.) Judgment (Cr. Doc. #43) was filed on February 22, 2007. Petitioner did not file a direct appeal.

Petitioner filed this § 2255 motion on August 16, 2013. (Cv. Doc. #1; Cr. Doc. #59.)  Read liberally, Petitioner's § 2255 Petition sets forth the following claims: (1) Petitioner received ineffective assistance of counsel when his trial attorney failed to file an appeal based on the request of Petitioner; (2) Petitioner received ineffective assistance of counsel when his attorney failed to challenge the validity of his prior convictions; and (3) Petitioner's Career Offender enhancement was improper.

## II.

### A. Timeliness of § 2255 Petition

The United States asserts that Petitioner's § 2255 petition was not filed within one year of the expiration of his time to

file a direct appeal, and therefore is untimely. (Cv. Doc. #7, p. 4.)  Read liberally, Petitioner responds that his § 2255 motion is timely because he is entitled to statutory tolling, equitable tolling, or alternatively because he is entitled to consideration of the § 2255 motion based on actual innocence of the enhanced career offender sentence. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), amended 28 U.S.C. § 2255 and set forth a one-year limitations period for federal prisoners to seek federal habeas review, which includes motions to vacate sentence. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. 28 U.S.C. § 2255. This one-year limitations period runs from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which an impediment imposed by the government is removed; 3) if a right asserted in the motion is a new right recognized by the Supreme Court and made applicable retroactively to cases on collateral review, the date on which the new right is recognized by the Supreme Court; or 4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (2008).

**(1) Date of Final Judgment, § 2255(f)(1):**

A petitioner's judgment of conviction becomes final when the time for filing a direct appeal lapses. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (finding that when defendant

did not pursue a direct appeal the conviction became final when the time for filing the direct appeal expired).  This Court entered final judgment in this matter on February 22, 2007 (Cr. Doc. #43.) Petitioner did not file a direct appeal.  Thus, the limitations period for the filing of this petition expired on March 8, 2008, one year from the expiration of the deadline to file the Notice of Appeal.

Petitioner signed his § 2255 petition on August 13, 2013, and it was filed with the Court on August 16, 2013. (Cv. Doc. #1.) Pursuant to the "mailbox rule" the Court will deem the § 2255 motion to have been filed on August 13, 2013. See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008). Petitioner's § 2255 motion was filed approximately five years after the expiration of the statute of limitations.  Therefore, unless the statute begins at a later date under 28 U.S.C. § 2255(f)(2)-(4), or the statute of limitations is equitably tolled, Petitioner's § 2255 motion should be dismissed as time-barred.

**(2) Date of Newly Recognized Right, § 2255(f)(3):**

The one-year limitation can also run, or be restarted, from a "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Thus, petitioner must show that the right he asserts is (1) a new right recognized

- 4 -

by the Supreme Court, which (2) is retroactively applicable to his case.  For purposes of § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted, not the date on which the Supreme Court decided retroactivity. Dodd v. United States, 545 U.S. 353, 357, 360 (2005).  Petitioner asserts that he is actually innocent of his past convictions under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). As such, Petitioner asserts that McQuiggin created a retroactive new right, and that the statute of limitations should begin on the date of that decision, May 28, 2013.

In McQuiggin, the Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass after an expiration of the statute of limitations. 133 S. Ct. at 1928. The Court went on to advise that tenable actual-innocence gateway pleas are rare and a petitioner must persuade the district court that in light of the new evidence, no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. Id.  Moreover, actual innocence must be factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614 (1998).  The Eleventh Circuit considered this issue with particularity in McKay v. United States, 657 F.3d 1190 (11th Cir. 2011), and determined that Mckay's claim of actual innocence was one of legal and not factual innocence because he was erroneously

sentenced as a career offender and therefore he was not actually innocent. Id. at 1198.  Petitioner in the instant motion similarly argues that he is actually innocent of his sentence in light of an improper sentence enhancement as a career offender.  Accordingly, Petitioner's claim of actual innocence is similarly a claim of legal innocence such that it fails to satisfy the actual innocence exception as detailed by the Supreme Court.

**(3) Date of Discovery of Supporting Facts, § 2255(f)(4):**

The statute of limitations can also begin on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4). Petitioner asserts that the statute of limitations should be tolled because his counsel of record failed to file a Notice of Appeal despite his request. (Cv. Doc. #1, p. 2.) Specifically, Petitioner asserts that from 2007 through 2011, he believed, because of assurances from his counsel, that his appeal was pending. (Cv. Doc. #1, pp. 2-3.) Petitioner further alleges that after futile attempts to contact his counsel (and despite payment of $26,000 for the filing of an appeal), on or about January of 2011, Petitioner contacted the Eleventh Circuit Court of Appeals and was informed that no such appeal had been filed under his name or case number. (Cv. Doc. #1, p. 3.) Thus, Petitioner asserts that despite his due diligence, the factual predicate of this claim was not discovered until January of 2011,

- 6 -

and that under 28 U.S.C. § 2255(4) his petition was therefore timely filed.

Courts begin a timeliness inquiry under 28 U.S.C. § 2255(4) by first determining whether the petitioner did, in fact, exercise due diligence. Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). A court's determination of due diligence takes into consideration the conditions of confinement and the reality of the prison system, and does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Id. (citing Montenegro v. United States, 248 F.3d 585, 592 (7th Cir. 2001), overruled in part on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001)).  In this case the Petitioner asserts that he diligently contacted and relied upon his counsel of record.

Although the Petitioner's efforts may have constituted due diligence for purposes of a timeliness determination, the Petitioner's motion must still be dismissed with prejudice as time-barred. Upon discovery of counsel of record's failure to file an appeal in January of 2011, Petitioner had one year from that date to file the instant motion. The time limitation for the filing of the same expired in January of 2012, and the instant motion was not filed until August 13, 2013; approximately eighteen months after the expiration.  Accordingly, Petitioner's motion is hereby dismissed with prejudice as time-barred.

**B. Waiver in Plea Agreement**

The United States argues that petitioner is not entitled to review of the length of the sentence because his written Plea Agreement contained an express waiver of the right to challenge his sentence directly or in a collateral proceeding (Cv. Doc. #7, p. 6-8). The Court agrees.

Petitioner's written Plea Agreement contains a waiver of appeal and collateral challenge provision, which states in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence **or to challenge it collaterally on any ground** . . . except (a) the ground that the sentence exceeds the defendant's applicable guideline range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #33, p. 13) (emphasis added). A waiver provision in a plea agreement is valid if made knowingly and voluntarily. <u>United States v. Weaver</u>, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). A valid and enforceable appeal waiver, however, only precludes

- 8 -

challenges that fall within its scope. United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014).

**(1) Scope:**

Analysis of a waiver provision within a plea agreement requires that the court determine if the appeal falls within the scope of the waiver. Id. In Petitioner's change of plea colloquy, the Court specifically advised Petitioner that one of the provisions of the Plea Agreement he signed expressly waived his right to appeal his sentence or "to challenge it collaterally on any ground, . . ." (Cr. Doc. #60, p. 13.) Petitioner told the Court he understood this and was making the waiver knowingly and voluntarily. (Cr. Doc. #60, p. 13.) A petitioner who files a § 2255 motion seeks a collateral remedy, Battle v. United States, 419 F.3d 1292, 1297 (11th Cir. 2005), and therefore this § 2255 motion falls within the waiver provision.

**(2) Knowing and Voluntary:**

A waiver provision in a plea agreement is valid if made knowingly and voluntarily. Weaver, 275 F.3d at 1333 (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). To establish that the waiver was made knowingly and voluntarily, the government must show that either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant

otherwise understood the full significance of the waiver.   United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).

As referenced above, in the change of plea colloquy, the Court expressly advised Petitioner that one of the provisions of the Plea Agreement he signed waived his right to appeal his sentence or "to challenge it collaterally on any ground, . . ." (Cr. Doc. #60, p. 13). Petitioner verbally indicated that he understood the waiver provision and provided that he was entering into the waiver knowingly and voluntarily. (Cr. Doc. #60, p. 13.) Moreover, the Court specifically questioned the Petitioner regarding whether or not he was entering the guilty plea freely and voluntarily, and the Petitioner responded in the affirmative. (Cr. Doc. #60, p. 22.)   Finally, the Plea Agreement itself contains a section (requiring the Petitioner's initials) that provides in pertinent part:

> The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges . . . that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and the defendant has the right to be tried by a jury with the assistance of counsel. . . .

(Cr. Doc. #33, p.14.)

This section was initialed by Petitioner and when viewed in conjunction with the plea colloquy, it is clear that Petitioner's waiver was freely and voluntarily made, and Petitioner's Motion to Vacate is accordingly barred by the same.

**(3) Miscarriage of Justice:**

The merits of a procedurally defaulted claim may also be reached in very narrowly defined circumstances if failure to address the claim would result in a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478 (1986).  Any argument of a miscarriage of justice in this case is belied by the record. The Court expressly informed Petitioner that the Court was unable (at the time of the plea hearing) to determine the appropriate guideline range for sentencing until after the presentence report had been completed, and informed the Petitioner that his counsel was likewise unable to predict what guideline would apply prior to the creation of the presentence report. (Cr. Doc. #60, p. 11.) The Court further instructed Petitioner that he would be unable to withdraw a plea of guilty on the ground that any prediction made by the attorney proved to be inaccurate and advised the Petitioner that his sentence would be someone between five and forty years. (Cr. Doc. #60, p. 12.)  The Petitioner indicated that he understood and still intended to go forward with his guilty plea. (Cr. Doc. #60, p. 12.) Petitioner has therefore not shown that a miscarriage of justice would result in the instant case wherein he (as

- 11 -

evidenced by the plea colloquy and Plea Agreement) knowingly and voluntarily waived his right to appeal. Accordingly, Petitioner's claim must fall within the exceptions enumerated in the Plea Agreement in order to be exempt from the waiver provision therein.

**(4) Exceptions:**

Petitioner's claim does not meet any of the three exceptions enumerated in the Plea Agreement, and the government did not appeal the sentence. Therefore, petitioner's ability to collaterally challenge his sentence was waived by his Plea Agreement, and the § 2255 motion will be dismissed on this basis. Additionally, even if Petitioner's argument is not barred by the waiver provision in the Plea Agreement, it is without merit.

**III.**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). "As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, Petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

**A. Failure to File an Appeal As Requested**

Petitioner argues that he was provided with ineffective assistance of counsel when his attorney failed to file an appeal as he requested. Moreover, the Petitioner asserts that counsel of record not only failed to file an appeal, but repeatedly mislead the Petitioner into believing that an appeal had, in fact, been filed.

Courts have historically taken a strict view of counsel's failure to appeal when requested to do so by the client. Specifically, the Eleventh Circuit in Martin v. Unites States, 81 F.3d 1083, 1084 (11th Cir. 1996), held that the failure of counsel to file an appeal after a defendant's request to do so constitutes ineffective assistance of counsel.  The Seventh Circuit (taking an even more strict approach to the issue) found that the failure to perfect an appeal at the behest of a client deprives the client not of effective assistance of counsel but of any assistance of counsel on appeal. Castellanos v. United States, 26 F.3d 717, 718 (7th Cir. 1994).  The court went on to hold that abandonment of the client and their wishes is a per se violation of the sixth amendment. Id. (quoting United States v. Cronic, 466 U.S. 648, 658-59 (1984)). The failure is, in fact, so egregious such that the Sixth Circuit determined that prejudice must be presumed when counsel fails to file a requested appeal.  Ludwig v. United States, 162 F3d. 456, 459 (6th Cir. 1998). Moreover, the court determined

- 14 -

that an analysis of the claim for ineffective counsel must not take into account the probability of success on appeal. Id. at 719.

What complicates the analysis of this issue is the existence of the voluntary and consensual waiver analyzed above. Specifically, the waiver contained within the Plea Agreement and executed by the Petitioner includes a waiver of the right to collaterally attack his conviction or sentence. (Cr. Doc. #33, p. 13.) Courts have addressed this issue directly in the various circuits. Specifically, the Second Circuit confronted the same in United States v. Djelevic, 161 F.3d 104 (2d Cir. 1998), finding that the express waiver by the petitioner to collaterally attack his sentence barred a claim of ineffective assistance of counsel for failure to perfect an appeal. See also Davila v. United States, 258 F.3d 448 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001); United States v. Mabry, 536 F.3d 231 (3d Cir. 2008). The Court expressly stated that to allow a claim of ineffective assistance of counsel dressed as a claim of a violation of the Sixth Amendment would render the language of waiver provisions effectively worthless. Id. Following this analysis, the Third Circuit in Mabry concluded that counsel's duty to protect his or her client's interest mitigates against the filing of an appeal which could cost the client the benefit of the negotiated plea agreement. 536 F.3d at 240. Finally, the Tenth Circuit

- 15 -

clarified this analysis by holding that only a claim for ineffective counsel as to the actual plea negotiations would invalidate an express appellate waiver contained within a plea agreement. Cockerham, 237 F.3d at 1187.

For the reasons articulated above, the Petitioner's Plea Agreement was freely and voluntarily made. Thus, Petitioner's right to an appeal was expressly waived and his claim for ineffective assistance of counsel for failure to file an appeal is without merit.

## B. Failure to Challenge Validity of Prior Convictions

Petitioner argues that his attorneys provided ineffective assistance of counsel by failing to challenge the validity of the prior convictions used to support a finding under the Career Offender provisions of U.S.S.G. § 4B1.1. In support of this argument, Petitioner relies on Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013).

In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum for a crime is an element of the crime, not a sentencing factor that must be submitted to a jury. Specifically, the petitioner in that case suggested that it was improper for the judge at sentencing to make a factual finding concerning whether or not he brandished a gun during the commission of his crime as a means of increasing the mandatory minimum

sentence he faced. Id. at 2151. Petitioner argues that just as the sentence-enhancing fact in Alleyne should have been presented to a jury, so too should the question of his prior felony drug convictions that enhanced his sentence. However, Alleyne does not apply to prior convictions as the Petitioner believes. The Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224 (1998) held that a fact of a prior felony conviction which substantially increases the possible punishment for a crime need not be treated as an element of that crime and therefore need not be submitted to a jury. Alleyne did not disturb this rule. 133 S. Ct. at 2160 n.1 (declining to revisit the Almendarez-Torres narrow exception).

Moreover, Petitioner was asked during his sentencing whether or not he had reviewed the pre-sentence report prepared by probation. (Cr. Doc. #56, p. 3.) Petitioner responded that he had reviewed the same and discussed it with his attorney. (Cr. Doc. #56, p. 3.) Petitioner's attorney responded that there were no objections to the pre-sentence report and as such, the Court adopted the factual statements contained therein. (Cr. Doc. #56, p. 3.) In so doing, Petitioner failed to preserve a claim of error upon which he may now rely.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv.

Doc. #1) is **DISMISSED with prejudice** as time-barred and pursuant to a valid plea waiver. Alternatively Petitioner's Motion is **DENIED** for the reasons stated above.  The Motion is otherwise **DENIED** as to all other issues.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL IN FORMA PAUPERIS ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of June, 2016.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA