UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERRY MARION,

    Petitioner,

v.                               Case No:  2:13-cv-598-FtM-29MRM
                                 Case No. 2:06-CR-90-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Supplemental Motion to Vacate Under 28 U.S.C. § 2255 (Doc. #13) filed on August 1, 2016, with permission.  The government filed a Response in Opposition (Doc. #14) on August 23, 2016.  For the reasons stated herein, the Court finds that the supplemental motion is time-barred, or alternatively foreclosed by precedent.

On June 22, 2016, the Court issued an Opinion and Order (Cv. Doc. #9) dismissing petitioner's original Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #1) from the February 22, 2007 Criminal Judgment (Cr. Doc. #43) as time-barred, and alternatively denying the motion on the merits.  Judgment (Cv. Doc. #10) was issued, and the case was closed.

On June 27, 2016, petitioner's letter motion to supplement (Cv. Doc. #11) was filed with the Court seeking to supplement his motion in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which is retroactively applicable pursuant to Welch v. United States, 136 S. Ct. 1257 (2016). Finding that the Opinion and Order and petitioner's motion likely crossed in the mail, the Court vacated the Judgment and reopened the case to allow the supplemental motion to proceed. (Cv. Doc. #12.) The supplemental motion is now before the Court.

At sentencing, petitioner was subject to a sentence enhancement as a career offender as defined by United States Sentencing Guidelines Manual §4B1.1.[1] Petitioner qualified because he was 39 when he committed the current felony controlled substance offense, and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. More specifically, petitioner had three prior convictions for the sale or delivery of cocaine, which enhanced his Total Offense Level

---

[1] Under this provision, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual §4B1.1(a).

from 23 to 34.  (Presentence Report, ¶ 33.)  Petitioner argues that he was sentenced as an Armed Career Criminal and as a Career Offender, and that the prior convictions fall under the residual clause for both enhancements.  Petitioner argues that the predicate offenses are no longer crimes of violence, but petitioner understands that his argument could be foreclosed by a ruling in Beckles v. United States.

As a preliminary matter, petitioner was not sentenced under the Armed Career Criminal Act.  Further, on March 6, 2017, the United States Supreme Court affirmed the Eleventh Circuit in Beckles v. United States, 137 S. Ct. 886 (2017), and determined that the Sentencing Guidelines are *not* subject to a constitutional challenge for vagueness.  This forecloses the relief for petitioner who was sentenced under the career offender guidelines.  The Court notes that the additional arguments are without merit because the predicate offenses were all controlled substance offenses, and not crimes of violence.

Since petitioner's sentence was not enhanced under the ACCA, Johnson does not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final.  Therefore, petitioner's supplemental motion will be dismissed as untimely.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1) remains **DISMISSED or alternatively DENIED** as set forth in the Opinion and Order (Doc. #9) filed on June 22, 2016.

2. Petitioner's Supplemental Motion to Vacate Under 28 U.S.C. § 2255 (Doc. #13) is **DISMISSED** as time-barred, and alternatively is **DENIED** on the merits.

3. The Clerk shall issue an Amended Judgment dismissing petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1) and the Supplemental Motion (Doc. #13) as **DISMISSED or alternatively DENIED** as set forth in the Opinion and Order (Doc. #9) and this Opinion and Order, respectively.

4. The Clerk is further directed to place a copy of the civil Amended Judgment in the criminal file, and close the civil case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA